CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 04 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRIAD FINANCIAL SERVICES, INC., | ) |
| Plaintiff, | ) Civil Action No. 7:11CV00410 |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| RANDY A. BOHON, | ) Chief United States District Judge |
| Defendant. | ) |

This case is presently before the court on defendant Randy A. Bohon's motion to vacate the default judgment entered against him. For the reasons set forth below, the motion will be denied.

## Background

Bohon previously owned and operated Tri-State Housing, Limited ("Tri-State"), a modular home dealership based in Wirtz, Virginia. In 2009, Triad Financial Services, Inc. ("Triad") extended a revolving line of credit to Tri-State in the amount of $250,000.00. The line of credit was secured by Tri-State's present and future inventory, wherever located, pursuant to a security agreement. Additionally, Bohon entered into a guaranty agreement, pursuant to which he personally guaranteed repayment of all sums due and owing under the line of credit.

In the fall of 2010, Triad discovered that Tri-State had breached the security agreement by failing to remit the net proceeds from the sale of a modular home unit. When Triad made a demand for the funds, Tri-State refused the demand and filed for bankruptcy in the United States Bankruptcy Court for the Western District of Virginia. Soon thereafter, Triad discovered that Tri-State had breached the security agreement again in the same manner.

On December 8, 2010, the bankruptcy proceeding was dismissed due to Tri-State's failure to file certain required schedules. Triad subsequently exercised its contractual remedies and

removed all of its remaining collateral from Tri-State's sales lot. Triad liquidated the inventory in order to pay down the balance owed by Tri-State on the revolving line of credit. However, there remained a deficiency.

On August 26, 2011, Triad filed this diversity action against Bohon, seeking to collect the unpaid balance remaining under the line of credit, pursuant to the guaranty agreement. The complaint sought damages totaling $88,277.22, along with interest and reasonable attorney's fees.

Bohon was served with process on September 14, 2011. After he failed to file a responsive pleading, Triad moved for the Clerk to enter default judgment against Bohon, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. To support the motion, Triad submitted a declaration from Greg Brooks, Senior Vice President, in which Brooks verified, under penalty of perjury, that the allegations in the complaint were true and correct, and that the total amount due and owing to Triad under the terms of the guaranty agreement was $88,277.22. The Clerk entered default judgment against Triad on October 19, 2011.[1]

After the default judgment was entered, Triad attempted to collect on the judgment. On three occasions, Triad scheduled debtor interrogatories. Each time, on the eve of the debtor interrogatories, Bohon filed for bankruptcy in the United States Bankruptcy Court for the Western District of Virginia. Bohon's first two petitions were dismissed for failure to file required schedules of assets and liabilities. In its order dismissing the third petition, the bankruptcy court sanctioned Bohon by restricting him from filing another bankruptcy petition for 365 days.

---

1 The default judgment was later amended to reflect that no attorney's fees and costs were sought by the plaintiff.

On September 14, 2012, nearly eleven months after the default judgment was entered, Bohon moved to vacate the default judgment, pursuant to Rules 55(c) and 60(b)(1), (3), and (6) of the Federal Rules of Civil Procedure. To support the motion, Bohon argues that Triad "fraudulently or mistakenly stated [the] amount in controversy," and that the amount in dispute is only $33,111.15. (Mot. to Vacate at 3.) Bohon also argues that venue is improper, since the guaranty agreement contains a Florida forum selection clause. (Id.)

Bohon's motion to vacate was scheduled to be heard on November 9, 2012. The day before the hearing, Bohon advised the court that he was unable to travel as a result of a medical problem. The court cancelled the hearing and rescheduled it for November 27, 2012 at 9:30 a.m.

On November 27, 2012, Bohon did not appear for the hearing, and efforts to contact him by telephone were unsuccessful. After waiting 45 minutes, the court convened the hearing in Bohon's absence and heard argument from the plaintiff.

## Discussion

As indicated during the hearing, the court is of the opinion that the circumstances justify denying Bohon's motion for failure to prosecute. Additionally, for the reasons set forth below, the court concludes that the motion is without merit.

Because the Clerk not only entered default, but also default judgment, the requirements of Rule 60(b) apply to Bohon's motion to vacate. See Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default, for good cause, and it may set aside a default judgment under Rule 60(b).") A party seeking relief under Rule 60(b) must make a threshold showing "that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be

3

unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (internal citation and quotation marks omitted). After meeting each of these threshold considerations, the movant must then satisfy one of the grounds for relief listed in Rule 60(b). Id. at 266. As pertinent here, Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > . . .
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion must be filed "within a reasonable time," and "for reasons (1) . . . and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Having reviewed the record, the court concludes that Bohon has failed to make the threshold showing necessary to obtain relief under Rule 60(b). Specifically, Bohon has not demonstrated the existence of a meritorious defense. While Bohon argues that the amount owed under the guaranty is lower than that claimed by Triad, he has not proffered any evidence that would permit a finding in his favor, as required by existing precedent. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) ("A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party . . . .");

4

see also Maryland Nat'l Bank v. M/V Tanicorp I, 796 F. Supp. 188, 190 (D. Md. 1992) (emphasizing that "[t]he mere assertion of a meritorious defense is not enough").

Moreover, even if Bohon could meet each of the threshold requirements for bringing a Rule 60(b) motion, he has failed to demonstrate an entitlement to relief under any of the grounds set forth in the rule. To the extent Bohon seeks relief under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect," he has not identified any applicable circumstances that would justify his failure to file a responsive pleading.[2] Likewise, Bohon is not entitled to relief under Rule 60(b)(3), since he has not identified any fraud, misrepresentation, or other misconduct by Triad that "prevented him from fully and fairly presenting his claim or defense." Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). Finally, Bohon has failed to present any other "extraordinary circumstances" that would warrant relief under Rule 60(b)(6). See Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) ("While [Rule 60(b)(6)] includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances . . . .'").

## Conclusion

In sum, the record supports the plaintiff's argument that Bohon "chose not to answer this lawsuit [and] elected to attempt to bankrupt the claim after judgment was entered rather than to

---

2 By failing to file a responsive pleading, Bohon waived the objection to venue that he raises for the first time in the instant motion. See Fed. R. 12(h)(1)(B); see also 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of any district court of any matter involving a party who does not interpose [a] timely and sufficient objection to the venue.").

5

contest it." (Br. in Opp'n at 7.) While Bohon may now regret this decision, he has failed to proffer a valid basis for vacating the default judgment entered against him by the Clerk. Accordingly, his motion to vacate the default judgment will be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Bohon and all counsel of record.

ENTER: This  3rd  day of December, 2012.

                                        /s/ Glen Conrad
                                  Chief United States District Judge

6

Case 7:11-cv-00410-GEC-RSB   Document 45   Filed 12/04/12   Page 6 of 6   Pageid#: 164